IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| JENNAH BRAMOW, | ) | |
| | ) | |
| Plaintiff, | ) | No. C05-54 EJM |
| vs. | ) | |
| | ) | |
| CEDAR RAPIDS COMMUNITY | ) | ORDER |
| SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's resisted Motion to Dismiss, filed May 17, 2005. Granted.

Plaintiff, a resident of Cedar Rapids, Iowa, brings this action for damages against defendant Cedar Rapids Community School District (CRCSD) in three counts. In Count 1, brought pursuant to 42 USC §1983, plaintiff claims defendant intentionally discriminated against female students who were victims of sexual harassment in violation of the Equal Protection Clause of the Constitution. In Count 2, brought pursuant to 42 USC §1983, plaintiff claims that defendant has a policy, practice or custom of non-intervention in teacher-on-student sexual harassment cases involving female victims, a substantive due process violation of the Fourteenth Amendment to the Constitution. In Count 3, plaintiff claims denial of the benefits of defendant's federally financed educational programs and activities, and sex discrimination and harassment because of gender, in violation of 20 USC §1681. In Count 4 (labeled "Count VI Violation of 42

USC §1983" in the Complaint), plaintiff alleges that defendant caused her to be subjected to a sexually hostile environment.

The court has jurisdiction pursuant to 28 USC §1331.

Asserting claim preclusion, defendant moves for dismissal pursuant to FRCP12(b)(6), urging that plaintiff's claims are based upon the same facts as an action tried in the Iowa District Court in Linn County, Iowa, in May, 2004. Plaintiff resists, asserting that in this action she raises claims under Title IX, 42 USC §1983, and the US Constitution, and that these claims rely upon additional facts distinct from those raised in the state court action, in which plaintiff sued defendant for the negligent hiring, supervision and retention of a CRCSD employee. In reply, defendant asserts that plaintiff's federal claims raised herein could have been raised in the underlying state action.

Pursuant to 28 USC §1738, federal courts are required to give the same full faith and credit to decisions of the state court as those courts give their own decisions. Thus, Iowa law governs the preclusive effect of the underlying state court case in this matter.

"Claim preclusion is based on the principle that a party may not split or try his claim piecemeal, but must put in issue and try his entire claim ... in the case on trial." Iowa Coal Mining Co. Inc. v. Monroe County, 555 NW2d 418, 441 (Iowa 1996). "A party must litigate all matters growing out of his claim at one time and not in separate actions." Id. A second action will likely be barred by the principles of claim preclusion where the acts complained of, and the recovery demanded are the same, or where the

same evidence will support both actions. Arnevik v. University of Minnesota Board of Regents, 642 NW2d 315, 319 (Iowa 2002). The Arnevik court noted that a plaintiff is not entitled to a second day in court by alleging a new ground of recovery for the same wrong, and that in reviewing a defense of claim preclusion, the court considers whether the parties in the first and second actions were the same, whether the claim in the second action could have been fully and fairly litigated in the first action, and whether there was a final judgment on the merits.

Upon review, this case involves the same parties, and it is the court's view that both cases arise as a result of the same operative facts, CRCSD employee Gary Lindsey's alleged history of misconduct and the CRCSD's relationship thereto, which formed the basis of a decision and judgment in a state court action, Bramow v. Cedar Rapids Community School District, LACV No. 033411, tried in Linn County, Iowa in May, 2004, resulting in a judgment for plaintiff. Moreover, it appears undisputed that the instant claims arising out of the same operative facts could have been fully and fairly litigated in the previous action. In light of the foregoing, and plaintiff having come forward with no persuasive contrary grounds, claim preclusion applies.

It is therefore

ORDERED

Dismissed.

October 31, 2005.


_Edward J. McManus_
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT